**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


<u>Frank E. Dow</u>

   v.                                              Civil No. 07-cv-355-JL

<u>William L. Wrenn, Commissioner,
New Hampshire Department of
Corrections</u>


**O R D E R**

Before the Court is Frank Dow's petition for a writ of habeas corpus (document no. 1), filed pursuant to 28 U.S.C. § 2254.  The matter is before me for preliminary review to determine whether or not the claims raised in the petition are facially valid and may proceed.  <u>See</u> Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules"); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to preliminarily review pro se prisoner filings pursuant to 28 U.S.C. § 1915A).

For the reasons fully explained in the Report and Recommendation issued simultaneously with this Order, I find that Dow has stated one cognizable federal habeas claim, that his

attorney at his parole revocation hearing failed to provide him with the effective assistance of counsel.[1]  I also have found that the ineffective assistance claim has not yet been properly exhausted, but that Dow is presently taking steps to exhaust the matter in the state courts.  Accordingly, I will grant Dow's request to stay the instant petition (document no. 6) pending complete exhaustion of his federal ineffective assistance claim in the state courts.

Dow is directed to notify this Court of the status of his state court proceedings every ninety days during the pendency of the stay of this action.  Once the New Hampshire Supreme Court has reached a final decision on his claims, Dow must amend his petition to notify this Court of that decision.  Dow's amended petition should include documentation, such as orders, motions, petitions, notices of appeal, briefs, or other pleadings demonstrating that the federal issue presented here was in fact presented to the State courts for consideration. See Smith v. Digmon, 434 U.S. 332, 333 (1978) (listing documents which would enable a federal court to determine whether the grounds

---

[1] In my Report and Recommendation I recommend the dismissal of four other claims raised in Dow's petition.

2

supporting the habeas petition had been presented for review in the State courts).

Any failure to provide notice to this Court of the status of his State court proceedings as directed in this Order, or to amend the petition as directed, may result in the dismissal of the petition for failure to demonstrate exhaustion.  Any such dismissal would be without prejudice, as it would be procedural and not based on the merits of Dow's claims.  See Slack v. McDaniel, 529 U.S. 473 (2000).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:    February 12, 2008

cc:      Frank E. Dow, pro se