UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Frank E. Dow</u>

   v.                                          Civil No. 07-cv-355-JL

<u>William L. Wrenn, Commissioner,</u>
<u>New Hampshire Department of</u>
<u>Corrections</u>

**O R D E R**

     Frank Dow filed a petition for a writ of habeas corpus (document no. 1). The matter originally came before me for preliminary review. <u>See</u> Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; United States District Court District of New Hampshire Local Rule 4.3(d)(2) (authorizing magistrate judge to preliminarily review pro se prisoner filings pursuant to 28 U.S.C. § 1915A). After reviewing the petition, I issued a Report and Recommendation (document no. 9) ("R&R") recommending that four of the five claims in the petition be dismissed. In an Order issued simultaneously with the R&R (document no. 8), I directed the petition to be stayed so that Dow could complete exhaustion of a fifth claim.

Petitioner has now filed a motion to reconsider (document no. 10) the recommendation of dismissal of four of his claims. After thorough review of the matter, I deny the motion to reconsider.

## Discussion[1]

Dow raises the following five grounds in support of his request for reconsideration

1. Dow alleges that he has a liberty interest, created by New Hampshire state law, in receiving the assistance of both the Adult Parole Board ("APB") and his Probation/Parole Officer ("PPO") in making a successful transition from institutional life to the community, and that the APB and his PPO deprived him of that liberty interest without due process, violating his rights under the Fourteenth Amendment;

2. Dow's receipt of a five-year "setback" upon his parole revocation, during which he would not be reconsidered for parole, was (a) disproportionate to the parole violation which prompted the revocation of his parole; (b) violated his Fourteenth Amendment right to receive a determinate sentence; and (c) violated his right under N.H. Rev. Stat. Ann. § ("RSA") 651-A:19, to be considered to be parole eligible;

3. Dow's return to custody and five-year "setback" upon his parole revocation violates state law because the APB failed to undertake a statutorily mandated analysis of the propriety of reincarceration to punish the revocation;

---

[1] A complete recitation of the applicable standard of review, as well as the facts alleged in the habeas petition, were recounted in my R&R. I will not repeat them here, but incorporate them into this Order by reference.

    4.    The parole office's refusal of Dow's initial parole plan, which had been approved by the APB, and the subsequent rescission of the conditional grant of parole by the APB, violated Dow's right to due process, as the parole office's refusal was based on a typographical error, and was not reconsidered upon correction of the error;

    5.    The obstructionist, prejudicial, and punitive conduct of the APB, the Commissioner of the Department of Corrections, and PPOs Dodge and Hebert constitute a violation of Dow's substantive due process rights under the Fourteenth Amendment.

I.   <u>Claims 1 & 5</u>

Dow sets out a number of concerns, largely expressed in his initial petition, regarding the allegedly prejudicial treatment he received at the hands of PPOs Hebert and Dodge as well as the APB. He alleges that Hebert, Dodge, and the APB have all violated his constitutional and statutory rights to a fair opportunity to retain his liberty on parole. Dow's parole was revoked, however, upon his true plea to absconding from a community halfway house, and not returning until he was arrested on the parole violation a month later. His current incarceration, therefore, rests on an actual violation of the terms of parole committed by Dow, not on misbehavior by any other party.

As stated in my R&R, Dow is not without recourse to redress any injuries he did suffer by the unconstitutional or otherwise illegal acts of the APB, Hebert or Dodge. Dow may purse a separate civil rights action against them for violating his constitutional rights under color of state law, pursuant to 42 U.S.C. § 1983. These claims are not, however, properly raised in a habeas petition, as habeas relief is only available to challenge the fact or length of an inmate's confinement. See Preiser v. Rodriquez, 411 U.S. 475, 489-99 (1973); Wolff v. McDonnell, 418 U.S. 539, 554 (1974). The accusations levied at the APB, Hebert, and Dodge, while, if true, may at some point have an impact on the length of Dow's incarceration, and may have been the motivating force behind Dow's own actions in violating parole, simply do not constitute a constitutional challenge to the fact or length of Dow's current confinement.

II. Claims 2, 3 & 4

As fully explained in my R&R, and as conceded by Dow in his motion to reconsider, there is no right to be granted parole from a legitimate sentence. See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Further, although an inmate who has served his minimum prison term is generally "eligible" to

be considered for parole, the APB has broad discretion to determine when and under what conditions an inmate's request for parole will be reheard after the inmate has been returned to prison on a parole revocation.  See RSA § 651-A:6(I) ("A prisoner may be released on parole upon the expiration of the minimum term of his sentence, . . . provided that there shall appear to the adult parole board . . . to be a reasonable probability that he will remain at liberty without violating the law and will conduct himself as a good citizen."); RSA 651-A:7 (applying same standard as that in RSA 6;51-A:6(I) to parole decisions for inmates with maximum sentences of life imprisonment).  Nothing in the motion to reconsider indicates that the APB exceeded its statutory discretion in revoking Dow's parole, or in its decision not to rehear Dow's request for parole for five years.  See RSA 651-A:17 ("If the [Adult Parole] Board, after a [revocation] hearing, finds that the parolee has violated the conditions of parole, . . . and in its judgement should be returned to the custody of the commissioner of corrections, the board shall revoke the parole.").  There is no indication that the APB failed to consider any of the statutory factors cited by Dow in his motion.

In his motion to reconsider, Dow argues that New Hampshire state law requires that a parolee whose parole is revoked, and who is later denied parole, must serve his maximum term without again becoming parole eligible.  Dow misunderstands RSA 651-A:19, which states:

> A prisoner who is recommitted may, at any time before the expiration of his maximum sentence . . . be paroled again.  If not paroled, a prisoner who is recommitted shall serve the remainder of his maximum sentence minus any credits to which he may thereafter become entitled . . . and less the period of time the prisoner was at liberty in satisfactory compliance with the terms and conditions of his parole.  . ..

Dow understands this statute to mean that if he is denied reparole, he will automatically serve life in prison without the future possibility of parole.  The plain language of the statute, however, makes clear that any inmate returned to prison upon a parole revocation will serve his maximum sentence only if he is never again granted parole.  In Dow's case, his maximum sentence is life imprisonment.  Therefore, if Dow is never again granted parole, he will serve a life sentence.  Nothing in the statute, however, removes the possibility that Dow will be considered for or granted parole in the future, even if Dow is not successful in his first attempt at reparole.

### Conclusion

For the foregoing reasons, I deny the motion to reconsider (document no. 10). I reaffirm my recommendation to dismiss four of the claims in Dow's petition for the reasons stated in my R&R and in this Order.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:      July 18, 2008

cc:        Frank E. Dow, pro se